UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 22-2766

WILLIAM BRACEY,
Appellant

v.

SUPERINTENDENT ROCKVIEW SCI; PA ATTORNEY GENERAL;
DISTRICT ATTORNEY OF DAUPHIN COUNTY

———————————————

On Appeal from the United States District Court
for the Middle District of Pennsylvania,
No. 3:11-cv-02329
District Judge Christopher C. Conner

Before: PHIPPS, CHUNG, and ROTH, *Circuit Judges*
Argued: May 21, 2025; Decided: June 26, 2026

———————————————

OPINION OF THE COURT

PER CURIAM

In 2011, a prisoner filed a § 2254 habeas petition to challenge his 1995 conviction for first-degree murder, and that petition was denied in 2012. In 2016, however, this Court announced a rule of constitutional criminal procedure that the prisoner believed affected the integrity of his conviction, so he filed a Rule 60(b)(6) motion to reopen his § 2254 petition. The District Court denied that motion, which is now the subject of this appeal. For the reasons below, we will affirm the order denying that motion.

## I.    BACKGROUND

In 1995, a jury in the Dauphin County Court of Common Pleas returned a guilty verdict on a first-degree murder charge against William Bracey for shooting Houston Sims in connection with a drug deal.  Two of the witnesses against Bracey – Sylvester Bell and Thomas Plummer, Jr. – had several pending charges against them, and their testimony, which directly incriminated Bracey, was provided in fulfillment of plea agreements that they had entered with the prosecution.  The prosecutors, however, did not inform Bracey of all the pending charges against Bell and Plummer: they omitted charges of possession of drug paraphernalia and possession with intent to distribute against Bell and a charge for receiving a stolen firearm against Plummer.  Under the law at the time, it was not clear that a prosecutor was constitutionally required to disclose those pending charges because they were matters of public record.  *See Bracey v. Superintendent Rockview SCI*, 986 F.3d 274, 284–85, 289–90 (3d Cir. 2021) (describing the change of law brought on by *Dennis v. Sec'y, Pa. Dep't of Corr.*, 834 F.3d 263 (3d Cir. 2016) (en banc)).  Even without knowing of those other charges, Bracey's counsel cross-examined Bell and Plummer and impeached their credibility by pointing out that they had something to gain from cooperating with the prosecution to testify against Bracey.  The jury nonetheless found Bracey guilty, and he received a life sentence.  Bracey challenged that verdict through an unsuccessful direct appeal, followed by two collateral challenges in state court that were denied in 2001 and 2007.

In 2010, while serving the life sentence for the murder conviction, Bracey learned of the other charges against Bell and Plummer.  That prompted him to petition for post-conviction relief, and his state-court collateral challenge was rejected in 2011.  His appeal of that ruling to the Pennsylvania Superior Court was denied.

2

On November 29, 2011, Bracey applied for habeas corpus relief under 28 U.S.C. § 2254 in federal court. *See* 28 U.S.C. § 2241 (conferring jurisdiction on district courts to grant writs of habeas corpus). In his § 2254 petition, Bracey relied on *Brady v. Maryland*, 373 U.S. 83 (1963), which announced a rule of constitutional criminal procedure requiring prosecutors to disclose all material exculpatory evidence, *id.* at 87, to argue that the prosecution was obligated to disclose the omitted pending charges despite their public availability. The District Court denied that habeas petition in August 2012 on the ground that it was untimely because it was not commenced within the one-year statute of limitations governing "an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court," 28 U.S.C. § 2244(d)(1). *See Bracey v. Lamas*, No. 3:11-cv-2329, slip op. at 13 (M.D. Pa. Aug. 8, 2012). Bracey's requests for a certificate of appealability for that ruling were rejected. *See* 28 U.S.C. § 2253(c)(1)(A).

On August 23, 2016, however, this Court sitting *en banc* in *Dennis v. Secretary, Pennsylvania Department of Corrections*, 834 F.3d 263 (3d Cir. 2016), held that the rule in *Brady* required a prosecutor to disclose publicly available information regardless of a criminal defendant's diligence. *Id.* at 293. Relying on *Dennis*, Bracey filed a fourth petition for state post-conviction relief on October 27, 2016, which was denied in 2017. Bracey appealed and lost in 2018. *See Commonwealth v. Bracey*, No. 1281 MDA 2017 (Pa. Super. Ct. Apr. 20, 2018).

While he was pursuing those state-court collateral challenges, Bracey also sought relief in federal court. On November 1, 2016, Bracey moved under Rule 60(b)(1) and (6) for relief from the judgment denying his § 2254 petition. *See* Fed. R. Civ. P. 60(b)(1), (6). He asserted that *Dennis* altered the statute-of-limitations analysis for his original § 2254 petition because the statute of limitations was no longer contingent on the exercise of due diligence in obtaining publicly-available *Brady* material. *See* 28 U.S.C.

3

§ 2244(d)(1)(D). The District Court denied that motion. Bracey appealed and received a certificate of appealability on only the Rule 60(b)(6) issue. *See Bracey*, 986 F.3d at 278, 284.

This Court started to examine the denial of Bracey's Rule 60(b)(6) motion but could not analyze it fully on the record. A threshold requirement for a Rule 60(b)(6) motion based on an intervening change in law is that the change in law be material, *see id.* at 284, and this Court concluded that *Dennis* was material to the dismissal of Bracey's habeas petition, *id.* at 294. The next stage of the analysis involves evaluating the factors identified in *Cox v. Horn*, 757 F.3d 113 (3d Cir. 2014), to determine whether the movant has demonstrated the extraordinary circumstances needed for relief from judgment under Rule 60(b)(6). *Bracey*, 986 F.3d at 297; *see Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005) (requiring "extraordinary circumstances" to justify reopening a judgment under Rule 60(b)(6) and opining that "[s]uch circumstances will rarely occur in the habeas context" (quoting *Ackermann v. United States*, 340 U.S. 193, 199 (1950))); *Cox*, 757 F.3d at 123 (placing the burden of proof on the movant for Rule 60(b) motions). Those *Cox* factors are the following:

1. Whether the change in decisional law is material to the basis for the denial of habeas relief;

2. Whether the movant has demonstrated a likelihood of success on the merits if the case were reopened;

3. The degree to which reopening the case disturbs the finality of longstanding judgments and undermines comity between federal courts and state courts;

4. Whether the movant diligently pursued relief from the judgment;

4

5. Whether there is a basis for believing that the movant's incarceration was unjust; and

6. Whether the movant is subject to a death sentence.

*See Cox*, 757 F.3d at 124–25 (identifying the considerations as the nature of the change in law, the merits preview, finality, comity, the movant's diligence, and the genre of the punishment); *see also Bracey*, 986 F.3d at 284, 296 (citing *Satterfield v. Dist. Att'y Phila.*, 872 F.3d 152, 162 (3d Cir. 2017), for the inclusion of "correcting a fundamentally unjust incarceration" among the other Rule 60(b)(6) factors). The District Court decision, however, did not evidence consideration of the *Cox* factors, so this Court vacated that portion of the judgment and remanded the case for that task. *Bracey*, 986 F.3d at 296–98.

In considering those factors on remand, the District Court determined that only the fourth factor – the movant's exercise of reasonable diligence – favored Bracey. *Bracey v. Lamas*, 2022 WL 4111865, at *11 (M.D. Pa. Sept. 8, 2022). Based on that finding, it concluded that the *Cox* factors did not indicate that this was an extraordinary circumstance worthy of relief under Rule 60(b)(6), and it denied the motion. *Id.* Through a timely notice of appeal, and with a certificate of appealability granted by this Court on September 5, 2023, Bracey invoked this Court's appellate jurisdiction to challenge that decision,[1] *see* 28 U.S.C. § 1291, which is reviewed for an abuse of discretion subject to the rule of harmless error, *see id.* § 2111.

---

[1] The Panel expresses its gratitude to the Duquesne University Law Clinic for providing representation in this case and to the law students who briefed and argued this appeal.

## II. DISCUSSION

**The first *Cox* factor: whether the change in decisional law is material to the basis for the denial of habeas relief**

The first *Cox* factor does double duty. The topic it addresses – the materiality of the change in decisional law – is both a prerequisite for granting a Rule 60(b)(6) motion based on a change in law as well as a factor to be considered in the equitable balancing of the other *Cox* factors. *See Bracey*, 986 F.3d at 284 (explaining that a court "ask[s] whether the asserted change is material," and "[i]f it is," proceeds to the rest of the *Cox* analysis). In considering this factor, the District Court appreciated materiality as a prerequisite to a successful Rule 60(b)(6) motion based on a change in decisional law and correctly recognized that this Court had determined that *Dennis* was material to Bracey's Rule 60(b)(6) motion. *Bracey*, 2022 WL 4111865, at *7. But then when considering the first factor as part of the *Cox* balancing analysis, the District Court pivoted to examine whether the change in law was extraordinary, not merely material. *Id.* at *8. Although Rule 60(b)(6) relief cannot be granted except in "extraordinary circumstances," *Gonzalez*, 545 U.S. at 535, that standard applies to the totality of the *Cox* factors, not the factors individually. And because this Court already held that the "changes brought on by *Dennis* had a material impact on the rationale for the District Court's original dismissal of Bracey's habeas petition," *Bracey*, 986 F.3d at 294, the District Court misappraised that factor in conducting the *Cox* balancing; the first factor favors Bracey.

**The second *Cox* factor: whether the movant demonstrated a likelihood of success on the merits if the case were reopened**

The second *Cox* factor involves a preliminary assessment of the merits of the underlying habeas petition. *See Cox*, 757 F.3d at 125 (recognizing that relief under Rule 60(b)(6) is

inappropriate "for claims of dubious merit"). But here, Bracey has not shown that he would be likely to succeed with his habeas petition with the benefit of the *Dennis* decision because it is not reasonably likely that the outcome of the trial would have been different had Bracey known of the other pending charges against Bell and Plummer. *See Kyles v. Whitley*, 514 U.S. 419, 434, 436 (1995) (explaining that "a conviction may be set aside [on *Brady* grounds] only if the error" creates "[a] 'reasonable probability' of a different result" sufficient to "'undermine[] confidence in the outcome of the trial'" (quoting *United States v. Bagley*, 473 U.S. 667, 678 (1985))). Both Bell and Plummer provided compelling accounts that Bracey shot Sims. Bell testified that Bracey was at the scene in the immediate aftermath of the shooting and that he later heard Bracey confess to shooting the victim over $20 worth of cocaine. Plummer recounted that he saw Bracey fire several rounds into the driver's side door of a car after an apparently botched drug deal. The marginal impeachment value of the undisclosed charges against Bell and Plummer is not significant – they were already impeached based on other pending charges that each carried more severe penalties, and, for Bell, the charges involved the same type of conduct.

In addition, any persuasive force that would result from the additional impeachment of Bell and Plummer would not have been enough to overcome the other evidence against Bracey. Two other eyewitnesses provided similar accounts of the shooting through testimony that Bracey shot into the car from the driver's side window as it drove away. In further corroboration of those accounts, the forensic pathologist testified that Sims died from wounds to the left side of his head and back from three gunshots fired from several feet away. The location and direction of the fatal wounds likewise suggest that Sims was shot through the driver's side window from behind.

In short, the second *Cox* factor tilts against Bracey.

7

**The third *Cox* factor: the degree to which reopening the case disturbs the finality of longstanding judgments and undermines comity between federal courts and state courts**

Every Rule 60(b) motion for relief from judgment cuts against interests in finality, but the third *Cox* factor focuses on a qualitative assessment of those interests. *See Cox*, 757 F.3d at 125. For instance, a Rule 60(b) motion filed close in time to a ruling implicates finality concerns less than a motion seeking relief from a longstanding judgment. *See id.* ("Considerations of repose and finality become stronger the longer a decision has been settled."); *see also Gonzalez*, 545 U.S. at 542 n.4 (Stevens, J., dissenting) ("In cases where significant time has elapsed between a habeas judgment and the relevant change in procedural law, it would be within a district court's discretion to leave such a judgment in repose."). Similarly, a Rule 60(b) motion that seeks to reopen a collateral challenge to a criminal conviction implicates finality concerns not only as to the collateral challenge itself but also as to the underlying criminal conviction, and when the underlying conviction occurred in state court, comity concerns also arise. *See Bracey*, 986 F.3d at 296.

Applying those principles here, the third *Cox* factor disfavors Bracey. The judgment denying his § 2254 habeas petition from which he seeks relief is over thirteen years old, having been entered in August 2012. And if his § 2254 petition were to be reopened, then that would implicate finality and comity concerns as to Bracey's original and successive state collateral review proceedings that were resolved against him in 2001, 2007, 2011, and 2018. *See Commonwealth v. Bracey*, No. 1281 MDA 2017 (Pa. Super. Ct. Apr. 20, 2018) (denying fourth petition for post-conviction relief); *Commonwealth v. Bracey*, No. 417 MDA 2011 (Pa. Super. Ct. Nov. 3, 2011) (denying third petition for post-conviction relief); *Commonwealth v. Bracey*, No. 763 MDA 2007 (Pa. Super. Ct. Dec. 5, 2007) (denying second petition for post-conviction relief); *Commonwealth v. Bracey*, No. 1412 MDA 2000 (Pa.

Super. Ct. Mar. 26, 2001) (denying original petition for post-conviction relief). As a further affront to comity, granting Bracey's Rule 60(b)(6) motion would also jeopardize the finality of his conviction in 1995 for first-degree murder in state court, which was upheld on direct appeal in 1998.

Bracey attempts to avoid this outcome by arguing that there is no finality interest in unjust convictions. But the justness of the underlying conviction is addressed by the other *Cox* factors, such as the second and the fifth, and that concern has no bearing on the finality metrics of the third *Cox* factor. Thus, here, based on both the number and the long duration of the judgments implicated by Bracey's Rule 60(b)(6) motion, the third *Cox* factor works against Bracey. *See Shinn v. Ramirez*, 596 U.S. 366, 390 (2022) ("In our dual-sovereign system, federal courts must afford unwavering respect to the centrality 'of the trial of a criminal case in state court,' . . . the moment at which '[s]ociety's resources have been concentrated . . . in order to decide, *within the limits of human fallibility*, the question of guilt or innocence of one of its citizens.'" (all alterations, except the first, in original) (emphasis added) (citation omitted) (quoting *Wainwright v. Sykes*, 433 U.S. 72, 90 (1977))).

### The fourth *Cox* factor: whether the movant diligently pursued relief from the judgment

The fourth *Cox* factor examines the movant's diligence, on the understanding that the time lag between a final judgment and a motion under Rule 60(b)(6) may be more palatable if the movant exercised reasonable diligence in pursuing the motion. *See Cox*, 757 F.3d at 126 (citing *Gonzalez*, 545 U.S. at 537). Here, Bracey based his Rule 60(b)(6) motion for relief from judgment on *Dennis*, and he filed that motion within seventy days of that decision. As the District Court concluded, that was duly diligent, so the fourth *Cox* factor favors Bracey.

9

**The fifth *Cox* factor: whether there is a basis for believing that the movant's incarceration was unjust**

The fifth *Cox* factor is a late addition of sorts. It was not identified in *Cox* as one of the factors, *cf. Cox*, 757 F.3d at 124–25, but was added in *Satterfield v. District Attorney Philadelphia*, 872 F.3d 152 (3d Cir. 2017). That decision identified this factor in connection with a citation to a passage in *Murray v. Carrier*, 477 U.S. 478 (1986), in which the Supreme Court held that a showing of actual innocence could overcome a habeas petitioner's failure to show cause for a procedural default. *See Satterfield*, 872 F.3d at 162 (citing *Murray*, 477 U.S. at 495). Thus, this factor is best understood as an assessment of actual innocence, meaning "factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). Bracey, however, argues that without knowing all the charges against Bell and Plummer, he was denied due process and thus his trial was fundamentally unfair. Fundamental unfairness, however, is not the same inquiry as actual innocence. To make a showing of actual innocence, "a petitioner 'must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence.'" *McQuiggin v. Perkins*, 569 U.S. 383, 399 (2013) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)); *see also Schlup*, 513 U.S. at 327–28 ("[T]he emphasis on 'actual innocence' allows the reviewing tribunal also to consider the probative force of relevant evidence that was either excluded or unavailable at trial."). And because Bracey has not made that showing, he has failed to establish the fifth *Cox* factor.

**The sixth *Cox* factor: whether the movant has received a death sentence**

The sixth *Cox* factor applies only to movants who have received a death sentence. *See Cox*, 757 F.3d at 126 (citing *Burger v. Kemp*, 483 U.S. 776, 785 (1987)). Bracey has not received such a sentence, and so any special consideration associated with death sentences is not present here.

10

### III. CONCLUSION: BALANCING THE *COX* FACTORS

The tally of the *Cox* factors does not permit a finding of the extraordinary circumstances needed to justify reopening Bracey's habeas petition from 2011. The first factor, materiality, and the fourth factor, diligence, do favor reopening the case. But the remainder of the *Cox* factors tilt heavily against doing so. Bracey does not have a likelihood of success on the merits; granting habeas relief would disturb a longstanding criminal conviction and interfere with federal-state comity; Bracey has not made a showing of actual innocence; and this is not a capital case. Accordingly, although the District Court misconstrued the first *Cox* factor, the rule of harmless error applies, *see* 28 U.S.C. § 2111, and that mistake was harmless because there is not a high probability that it affected the outcome; this Court had already resolved the materiality issue, and even with the first factor in Bracey's favor, the *Cox* factors strongly disfavor treating Bracey's Rule 60(b)(6) motion as an extraordinary circumstance. *See McQueeney v. Wilmington Tr. Co.*, 779 F.2d 916, 923–27 (3d Cir. 1985) (explaining the harmless error standard); *see also GN Netcom, Inc. v. Plantroincs, Inc.*, 930 F.3d 76, 88 (3d Cir. 2019) (applying the harmless error standard). Thus, on abuse-of-discretion review, we will affirm the judgment denying Bracey's Rule 60(b)(6) motion.

*Bracey v. Superintendent Rockview SCI*, No. 22-2766
PHIPPS, J., *Circuit Judge*, concurring.

I join the opinion in full but write separately to point out that there has been a significant change in law affecting the analysis of the second *Cox* factor, the likelihood of success on the merits. While it is permissible to rule without addressing that change in law, the change is foundational and, in my view, should not be omitted from the analysis.

When this Court's decisions in *Cox* and *Bracey* were issued, the Supreme Court allowed the retroactive application of new rules to collateral attacks on criminal judgments in two scenarios. Those were (i) when the rule placed "certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority," and (ii) when the rule constituted a "watershed rule[] of criminal procedure." *Teague v. Lane*, 489 U.S. 288, 311 (1989) (plurality opinion) (quoting *Mackey v. United States*, 401 U.S. 667, 692 (1971) (Harlan, J., concurring in the judgment)). But after the *Cox* and *Bracey* decisions, the Supreme Court eliminated the exception for watershed rules of criminal procedure: "[n]ew procedural rules do not apply retroactively on federal collateral review." *Edwards v. Vannoy*, 593 U.S. 255, 272 (2021); *accord Marcy v. Superintendent Phoenix SCI*, 110 F.4th 210, 214–15 (3d Cir. 2024) ("[W]hile '[a] new rule of criminal procedure applies to cases on *direct* review, . . . a new rule of criminal procedure ordinarily does not apply retroactively to overturn final convictions on federal *collateral* review.'" (all alterations, except the first, in original) (quoting *Edwards*, 593 U.S. at 262)).

Without the exception for watershed rules of criminal procedure, for the rule in *Dennis* to apply retroactively, it must fall within the first scenario by placing "certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority." *Teague*, 489 U.S. at 311 (quoting *Mackey*, 401 U.S. at 692 (Harlan, J., concurring in the judgment)); *see also Edwards*, 593 U.S. at 276 (holding that

1

only new substantive rules apply retroactively in habeas).  But the rule in *Dennis* does not do that; it addresses the scope of the *Brady* protection.  Thus, after *Edwards v. Vannoy*, the rule of *Dennis* does not have retroactive application on collateral review.

Because the underlying § 2254 habeas petition that Bracey seeks to reopen depends on the retroactive application of *Dennis*, he has no likelihood of success on his underlying § 2244 petition – regardless of the substantive merits of his challenge.

*Counsel for Appellant*

Daniel Kennedy[*]    **[ARGUED]**
Ryan McCann[*]    **[ARGUED]**
DUQUESNE UNIVERSITY SCHOOL OF LAW

Adrian N. Roe
Samuel H. Simon

*Counsel for Appellees Superintendent Rockview SCI and District Attorney of Dauphin County*

Ryan H. Lysaght
Christopher J. Schmidt  **[ARGUED]**

*Counsel for Appellee Attorney General of Pennsylvania*

Christopher J. Schmidt  **[ARGUED]**

---

[*] Law students admitted pursuant to 3d Cir. L.A.R. 46.3